**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HOMERO SOSA CASTILLO,<br><br>Petitioner,<br><br>v.<br><br>JOSHUA JOHNSON, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-1363-J |

**ORDER**

Before the Court is Petitioner's Notice of Intervening Custody Proceedings and Motion for Adjudication of Remaining Constitutional Claim. [Doc. No. 17]. Respondents have responded [Doc. No. 18] and the matter is at issue.

On August 14, 2026, the Court adopted the Report and Recommendation, granted Petitioner's Petition for Writ of Habeas Corpus to the extent it alleged a violation of the Immigration and Nationality Act, and ordered Respondents to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a) or otherwise release him. *See* [Doc. No. 15]. Presumably anticipating this would be the Court's ruling under *Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), Respondents held the custody redetermination hearing on August 12, 2026 – two days before the Court's Order directing the same. [Doc. No. 18-1]. Respondents filed a Notice of Compliance and attached the Immigration Judge's (IJ) Order which states:

> The [R]espondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the [R]espondent's request for a change in custody status is hereby ordered: Granted. It is ordered that Respondent be . . . "released from custody under bond of $30,000.00" . . . [and] any other conditions the Department of Homeland Security deems appropriate."

*Id*.

Petitioner now asks the Court to clarify "whether that undisclosed pre-Order proceeding satisfies the Court's subsequent command" and to reopen the matter to address his constitutional claims. [Doc. No. 17]. The motion is DENIED.

The Court ordered Respondents to provide Petitioner with a custody determination hearing and they complied. And to the extent that he asks the Court to reconsider its decision not to address the constitutional claims, Petitioner has failed to show "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Petitioner's Notice of Intervening Custody Proceedings and Motion for Adjudication of Remaining Constitutional Claim [Doc. No. 17] is DENIED.

IT IS SO ORDERED this 21st day of August, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE